**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN SCOTT PEARDON,**

              **Plaintiff,**

**v.**                                                             **Case No:  6:16-cv-219-Orl-41GJK**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

              **Defendant.**

_____

## REPORT AND RECOMMENDATION

John Peardon (the "Claimant") appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying his application of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred in: 1) affording little weight to illegible treatment notes from a treating physician; and 2) affording no weight to portions of a consultative examiner's opinion. Doc. No. 24 at 10-14, 16-21. Claimant requests that the Commissioner's decision be reversed and remanded for further proceedings. Id. at 23. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

## I.      FACTUAL BACKGROUND

On August 3, 2012, Claimant applied for DIB and SSI. Doc. No. 24 at 1. Claimant alleges a disability onset date of December 22, 2011. Id. On September 24, 2012, Claimant's applications were denied initially. Id. On December 21, 2012, Claimant's applications were denied on reconsideration. Id. On February 5, 2013, Claimant filed his request for hearing. R. 166. On May

1

8, 2014, Claimant appeared at a hearing before the ALJ. R. 30-69. On July 11, 2014, the ALJ issued an unfavorable decision. R. 10-24. On July 25, 2014, Claimant filed his request for review. R. 7. On December 21, 2015, the Appeals Council denied Claimant's request. R. 1-3. On February 9, 2016, Claimant filed this appeal. Doc. No. 1.

## II.    STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" See Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   PHYSICIANS' OPINIONS

Absent good cause, the treating physician's opinion must be afforded substantial weight. Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988). However, there are a few situations in which

good cause allows an ALJ to give a treating physician's opinion less than substantial weight. Specifically:

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

Johnson v. Barnhart, 138 F. App'x. 266, 269 (11th Cir. 2005) (quoting Phillips, 357 F.3d at 1240-41). Thus, good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records.

The Supreme Court has held that the ALJ has the duty "to investigate the facts and develop the arguments both for and against granting benefits." Sims v. Apfel, 530 U.S. 103, 111 (2000) (citing Richardson v. Perales, 402 U.S. 389 (1971)). In some cases, the ALJ may not be able to ascertain the basis of a treating physician's opinion because the opinion is illegible. If the ALJ cannot determine the basis of a treating physician's opinion, the ALJ has a duty re-contact the treating physician. See Shaw v. Astrue, 392 Fed. Appx. 684, 688 (11th Cir. 2010); Krapf v. Astrue, No. 09–60763–CIV, 2009 WL 4892337, at *11-12 (S.D. Fla. Dec. 16, 2009).[1] Thus, unless the ALJ made reasonable efforts to re-contact a treating physician, the illegibility of a treating physician's opinion does not constitute good cause for giving a treating physician's opinion less than substantial weight. Krapf, 2009 WL 4892337 at *11-12 ("because the ALJ failed to re-contact Claimant's long-time treating psychiatrist…the ALJ failed to articulate "good cause" for discounting the treating source's disability opinion").

In Winschel v. Comm'r of Soc. Sec., the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments,

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. See 11th Cir. R. 36-2.

including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Id. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Winschel, 631 F.3d at 1179 (quoting Cowart v. Schwieker, 662 F.2d 731, 735 (11th Cir. 1981)). See also McCloud v. Barnhart, 166 F. App'x 410, 418-19 (11th Cir. 2006) (finding error when the ALJ failed to explain the weight he gave to a consulting physician's report).[2]

## IV.   ANALYSIS

### A.  Dr. El-Tobgui's Opinions

On July 23, 2012, Claimant attended an initial consultation with M.A. El-Tobgui, M.D. Doc. No. 24 at 7. Claimant would visit Dr. El-Tobgui approximately twenty times between July 2012 and March 2014. R. 443-452, 471-493. After each visit, Dr. El-Tobgui recorded his observations in a treatment note. Id. Many of the treatment notes are illegible. Id. Nevertheless, in the joint memorandum, the parties agree that Dr. El-Tobgui's treatment notes address Claimant's weakness in his hand, limited range of motion in his lumbar spine, limited straight leg raising, pain in ambulation, and prescribed medications. Doc. No. 24 at 7.

At step four of the Sequential Evaluation Process,[3] the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work. R. 17. In making the RFC finding, the

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. See 11th Cir. R. 36-2.

[3] The Social Security regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999) (citing 20 C.F.R. § 404.1520). The ALJ must determine: 1) whether the claimant has engaged in substantial gainful activity; 2) whether the claimant has a

ALJ weighed a number of medical opinions. R. 19-20. The ALJ gave Dr. El-Tobgui's treatment notes "little probative value due to the inability to interpret the rest of the treatment notes contained therein." R. 20. The ALJ provided no other reasons for affording Dr. El-Tobgui's treatment notes little weight. Claimant states that the ALJ committed reversible error by completely dismissing evidence from a treating physician without making any effort to obtain clarification. Doc. No. 24 at 10-14. The Commissioner contends that the ALJ committed no error because he relied on the opinions from other treating physicians in making the RFC finding. Id. at 14-16.

Much of the handwritten information on Dr. El-Tobgui's treatment notes is illegible. R. 443-452, 471-493. The ALJ admitted that Dr. El-Tobgui's treatment notes are "largely illegible". R. 20. Nevertheless, Dr. El-Tobgui treated Claimant approximately twenty times over the course of twenty months, and the parties acknowledge that his notes address Claimant's weakness in his hand, limited range of motion in his lumbar spine, limited straight leg raising, pain in ambulation, and prescribed medications. R. 443-452, 471-493; Doc. No. 24 at 7. Such facts make Dr. El-Tobgui a treating physician, and his opinions are entitled to substantial weight absent a good cause reason supported by substantial evidence. Nyberg v. Comm'r of Soc. Sec., 179 F. App'x 589, 591 n.3 (11th Cir. 2006) (quoting 20 C.F.R. § 404.1502) (doctor was a treating physician because he treated claimant numerous times throughout the relevant time period, made notes regarding her condition, and referred her to (and received updates from) various other medical professionals).[4]

As stated above, illegibility is not good cause for affording a treating physician's opinion less than substantial weight. Krapf, 2009 WL 4892337 at *11-12. Here, the ALJ gave little value

---

severe impairment; 3) whether the severe impairment meets or equals the severity of one of the listed impairments; 4) whether the claimant has the residual functional capacity ("RFC") to perform his or her past relevant work; and 5) whether (considering the claimant's RFC, age, education, and work experience) the claimant could perform other work within the national economy. Id.

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. See 11th Cir. R. 36-2.

to Dr. El-Tobgui's treatment notes because they were illegible. R. 20. The ALJ had a duty to contact Dr. El-Tobgui because, as a treating physician, his treatment notes are critical to determining whether substantial evidence existed to support the Commissioner's decision. Id. Because the ALJ did not provide good cause for giving Dr. El-Tobgui's treatment notes little weight, it is recommended that the case be reversed and remanded for further proceedings.[5]

### B.  Dr. Mignogna's Opinion

Claimant argues that the ALJ committed two other errors regarding the opinion of Dr. Joseph Mignogna necessitating reversal. Specifically, Claimant argues that the ALJ erred by: 1) excluding Claimant's functional limitations regarding his left extremity without explanation; and 2) finding that Claimant's crawling, kneeling, and walking limitations were not supported by the record. Doc. No. 24 at 18-19. The Court finds these remaining arguments moot since the case should be reversed and remanded for further proceedings so the ALJ can address Dr. El-Tobgui's treatment notes. See Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record). Nevertheless, the undersigned will briefly address the merits of Claimant's remaining arguments.

The undersigned agrees that the ALJ erred by not addressing Claimant's limitations of his left extremity. Dr. Mignogna is a consulting physician and his opinion states that Claimant cannot push or pull with his left arm and cannot engage in repetitive or strenuous gripping or squeezing in his left hand. R. 457.[6] The ALJ did not address these limitations in the RFC, nor did he state why such limitations were not addressed. If the ALJ gives weight to a medical opinion, he or she

---

[5] On remand the parties should determine whether a legible copy of Dr. El-Tobgui's treatment notes exists, and obtain typed or otherwise legible copies of El-Tobgui's treatment notes.

[6] Unlike treating physicians, consultative physicians are not entitled to any specific weight. See Norman v. Comm'r of Soc. Sec., No: 8:14-cv-1498-T-30-MAP, 2015 WL 4397150, at *6 (M.D. Fla. 2015) (noting that "[c]onsulting physicians' opinions deserves no special weight").

cannot accept or deny certain portions of such opinion without providing reasons for doing so. Monte v. Astrue, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009); Hensley v. Colvin, 89 F.Supp.3d 1323, 1327-1328 (M.D. Fla. 2015) (remanding case due to an ALJ's failure to address all the portions of a medical opinion).

The undersigned also agrees that the ALJ's finding on Claimant's kneeling limitation was not supported by substantial evidence. Dr. Mignogna's opinion states that Claimant cannot kneel or crawl; cannot drive; and needs a cane for distances beyond 15 feet. R. 456-57. When weighing Dr. Mignogna's opinion, the ALJ gave a portion of the opinion limited weight and a portion of the opinion substantial weight. R. 22. Claimant only challenges the portion of the opinion that was given limited weight. Doc. No. 24 at 19. When weighing Dr. Mignogna's opinion, the ALJ states:

> The undersigned further gives only limited weight to the consultative examination i[n] [a]s much as Dr. Mignogna assessed [Claimant] as being unable to kneel and crawl and noted that he was not able to drive and needed a cane when walking beyond 15 feet. In that same examination, [Claimant] demonstrated negative straight leg raising and his walking was based on his self-paced attempt … Notably, [Claimant] has driven since that examination as he testified that he drives on a rare occasion approximately two times per month to the doctor's appointments or the corner store.

R. 22 (emphasis added). Thus, the ALJ's reasons for providing limited weight to Claimant's kneeling, crawling, and driving limitations were: 1) a negative straight leg raise; 2) Claimant's walking being based on his self-paced attempt; and 3) Claimant's testimony that he drives on rare occasion. Id. Nevertheless, none of these pieces of evidence address (nor have any clear nexus to) Claimant's kneeling or crawling limitations. As stated above, the ALJ must specifically weigh a medical opinion and provide the reasons therefor. Winschel, 631 F.3d at 1179; McCloud, 166 F. Appx at 418-19. Here, the ALJ gave limited weight to Claimant's kneeling and crawling limitations, but failed to provide any reason for doing so which was supported by substantial

evidence. Accordingly, the Court finds that the ALJ erred in his treatment of Dr. Mignogna's opinion.

## V.    CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that:

1.    The Court **REVERSE** and **REMAND** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g); and

2.    Direct the Clerk to enter judgment in favor of the Claimant and to close the case.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 7, 2017.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy