UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHN SCOTT PEARDON,**

      **Plaintiff,**

v.                                       **Case No: 6:16-cv-219-Orl-41GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

                                          /

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Consent Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion," Doc. 28). United States Magistrate Judge Gregory J. Kelly submitted a Report and Recommendation ("R&R," Doc. 29), recommending that the Motion be granted in part. Specifically, Judge Kelly recommends that the Court grant Plaintiff's request for attorneys' fees in the amount of $2,628.66 "and **costs** in the amount of $38.66." (*Id.* at 4 (emphasis added)). However, Judge Kelly recommends that the Court deny the Motion to the extent that it asks the Court to order that attorneys' fees be paid directly to Plaintiff's counsel pursuant to Plaintiff's Affirmation and Waiver of Direct Payment of EAJA Fees (Doc. 28-12 at 2). (Doc. 29 at 2–4).

The parties subsequently filed a Joint Notice of No Objection with One Requested Correction ("Joint Notice," Doc. 30). In the Joint Notice, the parties ask the Court to label the $38.66 as an "expense," rather than a "cost." (*Id.* at 1). First, the parties maintain that the $38.66[1]

---

[1] This is the amount it cost to send the complaint and motion to proceed *in forma pauperis* via Federal Express to the Clerk of Court for filing. (Doc. 28 at 2; Exhibit M, Doc. 28-13, at 2).

sought in the Motion is an "expense," not a "cost." (*Id.*). Furthermore, because awards for "costs" and "expenses" are processed through different government offices, the parties contend that the $38.66 will not be paid out if it is labeled as a "cost" in the Court's ruling. (*Id.*). As Judge Kelly previously noted, "[t]he EAJA . . . authorizes the award of 'costs' and 'expenses.'" (Doc. 29 at 3 (quoting *Davis v. Apfel*, 6:98-cv-651-Orl-22A, 2000 WL 1658575, at *4 (M.D. Fla. Aug. 14, 2000))). Moreover, Judge Kelly concluded that Plaintiff is entitled to the $38.66 spent to mail the pleadings to the Clerk. Accordingly, the Court will grant the parties' request—the $38.66 will be identified as a reimbursable "expense."

After a *de novo* review of the record, this Court otherwise agrees with the R&R. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 29) is **ADOPTED** and **CONFIRMED** as set forth herein.

2. Plaintiff's Consent Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 28) is **GRANTED** to the extent that it seeks an award of attorney's fees in the amount of $2,628.66 and expenses in the amount of $38.66.

3. Plaintiff is awarded attorney's fees in the amount of $2,628.66.

4. Plaintiff is also awarded expenses in the amount of $38.66.

5. In all other respects, the Motion is **DENIED**.

6. The Commissioner may, in her discretion, pay all or part of the attorney's fees directly to Plaintiff's counsel should she determine that it is appropriate to do so.

**DONE** and **ORDERED** in Orlando, Florida on September 6, 2017.



Copies furnished to:

Counsel of Record